[No. 1440. Decided October 29, 1894.]

THE STATE OF WASHINGTON, *Appellant*, v. ALBERT
HOEPPNER, *Respondent*.

INTOXICATING LIQUORS — SALE WITHOUT LICENSE — PROSECUTION.

Sec. 133, Penal Code, authorizing prosecutions by the state against
those guilty of selling intoxicating liquors is not impliedly repealed
as to municipal corporations by the act of 1890, giving to cities of
the third class the power to license and regulate the sale of intoxi-
cating liquors and to provide for the collection of the license·tax
thereon by suit or otherwise.

*Appeal from Superior Court, Whitman County.*

*J. N. Pickrell*, Prosecuting Attorney (*Trimble & Patti-
son*, and *Chadwick, Fullerton & Wyman*, of counsel), for
The State.

The opinion of the court was delivered by

STILES, J.—The state appeals from a judgment of the
superior court sustaining a demurrer to an information
charging respondent with selling intoxicating liquors within
the city of Colfax, a city of the third class, without first
obtaining a license from the proper authorities therefor.
Respondent does not appear, but it seems from the brief
of the state that the ground of the court's action was, that
by the general municipal incorporation act of 1890 (Laws
1889–90, p. 131), the authority of the state to prosecute
violations of Penal Code, § 133, was impliedly repealed.
The section last referred to was part of an act passed in
1888, entitled "An act to regulate, restrain, license or pro-
hibit the sale of intoxicating liquors." Laws 1888, p. 124.
By that act the mayor, council, or other governing body
of each incorporated city within the territory was given the
power to regulate, restrain, license or prohibit the sale of
intoxicating liquors within the limits of such city, and upon

those officials was imposed the duty of providing for the issuing of licenses, unless the plan of prohibition was decided upon. Under that law the state, however, reserved to itself the right to punish persons selling intoxicating liquors without obtaining a license, and such remains the law unless the general incorporation law has changed it. The claim that the same has been so changed must be based entirely upon subd. 10 of Gen. Stat., § 636, which concedes to cities of the third class the following powers:

"To license, for the purposes of regulation and revenue, all and every kind of business, including the sale of intoxicating liquors authorized by law, and transacted or carried on in such city, and all shows, exhibitions and lawful games carried on therein; to fix the rates of license tax upon the same, and to provide for the collection of the same, by suit or otherwise."

Subd. 20 of the same section empowers these cities to make all such ordinances as may be deemed expedient to carry out the provisions of the act, and to exact and enforce within the limits of such city all other local, police, sanitary and other regulations as do not conflict with general laws. It may be that these provisions authorize such municipal corporations to impose fines and penalties for the violation of any ordinances they may adopt pertaining to the licensing or regulation of the sale of intoxicating liquors. But it will be observed that subd. 16 of the same section limits the penalty for the breach of any such ordinance to a fine of three hundred dollars, or imprisonment not to exceed three months, whereas the Penal Code prescribes a fine of not exceeding a thousand dollars, or imprisonment not exceeding six months, or both, for each offense. The rule will not be questioned that the laws of the state operate within the limits of municipal corporations, and upon the inhabitants thereof, the same as elsewhere, unless it is otherwise clearly provided by the

statute; and that it is the intention of the statute that the general law shall not extend to inhabitants of municipal corporations, or that those corporations shall have the power by ordinance to supersede the statute law, will not be inferred from mere grants of power general in their character, nor will such authority be held to exist as an implied or incidental right. 1 Dillon, Mun. Corp., § 367.

At most, all that we perceive in the provisions of Gen. Stat., § 636, is an enumeration, with other powers, of a power already existing by virtue of the general law of the state, and we discern no good reason why the authority of the state to punish infractions of Penal Code, § 133, should be thus cut off by a mere implication. It is an offense to sell intoxicating liquors without a license, whether in town or country, and the state has not yielded its right to prosecute that offense by the indefinite terms of the municipal incorporation act of 1890.

Judgment is reversed, and the cause remanded, with instructions to the court to overrule the demurrer and proceed with the case.

DUNBAR, C. J., and HOYT, SCOTT and ANDERS, JJ., concur.